UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL MORALES,**

    **Plaintiff,**

v.                                                   Case No.: 8:25-cv-2277-KKM-AAS

**HILLSBOROUGH COUNTY**
**SHERIFF'S OFFICE, et al.,**

    **Defendants.**
_____/

## ORDER

Defendant Deputy P. Crowe moves to quash service of process. (Doc. 18). Plaintiff Michael Morales opposes the motion. (Doc. 31).

On September 12, 2025, Mr. Morales filed his Amended Complaint against Deputy Crow, a Hillsborough County Sheriff's Office Deputy. (Doc. 6). On September 19, 2025, a Summons in a Civil Action was issued as to Corporal Crowe. (Doc. 7). On September 26, 2025, the Summons and Amended Complaint addressed to Deputy Crowe was served on "Nancy Hoffman (HCSO Admin)" at Deputy Crowe's work address at "1208 Tech Blvd., Tampa, FL 33619" per the Process Receipt and Return. (Doc. 12).

Federal Rule of Civil Procedure 4(e) states:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver

1

> has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Mr. Morales did not personally serve Deputy Crowe, nor was a copy left at his dwelling or usual place of abode. "Nancy Hoffman (HCSO Admin)" is not an agent authorized by appointment or by law to receive service of process. Instead, service of process was attempted via substitute service at Deputy Crowe's place of employment. (Doc. 12). As such, the Federal Rules of Civil Procedure requirements are not met.

Federal Rule of Civil Procedure 4(e) also permits service by the laws of the state where the action is pending. Section 48.031(1)(a), Fla Stat., states:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

Again, Mr. Morales did not personally serve Deputy Crowe or leave a copy of

the Amended Complaint at his usual place of abode. (Doc. 12). As such, service of process fails to comply with Florida law.

Accordingly, Deputy Crowe's motion to quash service of process (Doc. 18) is **GRANTED**. Mr. Morales must properly serve Deputy Crowe by **December 18, 2025.** *See* Fed. R. Civ. P. 4(m).

**ORDERED** in Tampa, Florida, on November 18, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge